# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**LG.PHILIPS LCD CO., LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF AND ADDITIONAL PARTY CHI MEI OPTOELECTRONICS USA, INC.**

Defendant LG.Philips LCD Co., Ltd. ("LPL"), by and through its undersigned counsel, hereby files its Answer in Response to the Complaint For Patent Infringement of Plaintiff Chi Mei Optoelectronics Corporation ("CMO"), in the above titled action, filed on or about May 4, 2007, asserts affirmative defenses to those claims, and asserts

counterclaims against CMO and additional party Chi Mei Optoelectronics USA, Inc. ("CMO USA").  A jury trial is demanded for all claims so triable.

## RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE

1. LPL admits that CMO purports to assert claims arising under the patent laws of the United States, but denies the remaining allegations in paragraph 1 of the Complaint.

2. LPL denies the allegations of paragraph 2 in the Complaint.

3. LPL denies the allegations of paragraph 3 in the Complaint.

## RESPONSE TO ALLEGATIONS AS TO PARTIES

4. LPL admits that CMO is a Taiwanese Corporation also having its principal place of business in Taiwan, but denies the remaining allegations in paragraph 4 of the Complaint.

5. LPL admits that it is a Korean corporation with its principal place of business at 20 Youido-Dong, Yongdeungpo, Seoul 150-721, the Republic of Korea and that it designs, manufactures, and distributes TFT-LCD panels and Liquid Crystal Display ("LCD") modules, but denies the remaining allegations in paragraph 5 of the Complaint.

6. LPL admits that LPLA has sales offices in California, Texas (Austin and Houston), North Carolina, and Illinois, but denies the remaining allegations in paragraph 6 of the Complaint.

7. LPL admits the allegations in paragraph 7 of the Complaint.

8. LPL denies the allegations in paragraph 8 of the Complaint.

## RESPONSE TO FIRST CLAIM FOR RELIEF

9. LPL hereby incorporates paragraphs 1-8 above as though fully set forth herein.

10. LPL admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,008,786, entitled "Method for Driving Halftone Display for a Liquid Crystal Display" ("the '786 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 10 of the Complaint, and therefore denies them.

11. LPL denies the allegations in paragraph 11 of the Complaint.

12. LPL denies the allegations in paragraph 12 of the Complaint.

13. LPL denies the allegations in paragraph 13 of the Complaint.

14. LPL denies the allegations in paragraph 14 of the Complaint.

15. LPL denies the allegations in paragraph 15 of the Complaint.

16. LPL denies the allegations in paragraph 16 of the Complaint.

## RESPONSE TO SECOND CLAIM FOR RELIEF

17. LPL hereby incorporates paragraphs 1-16 above as though fully set forth herein.

18. LPL admits that Exhibit B to the Complaint purports to be a copy of United States Patent No. 6,013,923 entitled "Semiconductor Switch Array with Electrostatic Discharge Protection and Method of Fabricating" ("the '923 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 18 of the Complaint, and therefore denies them.

19. LPL denies the allegations in paragraph 19 of the Complaint.

20. LPL denies the allegations in paragraph 20 of the Complaint.

21. LPL denies the allegations in paragraph 21 of the Complaint.

22. LPL denies the allegations in paragraph 22 of the Complaint.

23. LPL denies the allegations in paragraph 23 of the Complaint.

24. LPL denies the allegations in paragraph 24 of the Complaint.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

25. LPL hereby incorporates paragraphs 1-24 above as though fully set forth herein.

26. LPL admits that Exhibit C to the Complaint purports to be a copy of United States Patent No. 5,619,352 entitled "LCD Splay/Twist Compensator having Varying Tilt and/or Azimuthal Angles for Improved Gray Scale Performance" ("the '352 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 26 of the Complaint, and therefore denies them.

27. LPL denies the allegations in paragraph 27 of the Complaint.

28. LPL denies the allegations in paragraph 28 of the Complaint.

29. LPL denies the allegations in paragraph 29 of the Complaint.

30. LPL denies the allegations in paragraph 30 of the Complaint.

31. LPL denies the allegations in paragraph 31 of the Complaint.

32. LPL denies the allegations in paragraph 32 of the Complaint.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

33. LPL hereby incorporates paragraphs 1-32 above as though fully set forth herein.

34. LPL admits that Exhibit D to the Complaint purports to be a copy of United States Patent No. 6,734,926 entitled "Display Apparatus with a Reduced Thickness" ("the '926 patent"), but LPL lacks knowledge or information sufficient to

admit or deny the remaining allegations in paragraph 34 of the Complaint, and therefore denies them.

35. LPL denies the allegations in paragraph 35 of the Complaint.

36. LPL denies the allegations in paragraph 36 of the Complaint.

37. LPL denies the allegations in paragraph 37 of the Complaint.

38. LPL denies the allegations in paragraph 38 of the Complaint.

39. LPL denies the allegations in paragraph 39 of the Complaint.

40. LPL denies the allegations in paragraph 40 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

41. As to paragraphs 1 through 11 of the Prayer For Relief, LPL denies that CMO is entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to LPL's right to plead additional defenses as discovery into the facts of the matter warrants, LPL hereby asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

42. CMO has failed to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

43. One or more claims of the '786 patent, the '923 patent, the '352 patent and the '926 patent (collectively "the CMO Patents") are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

44. LPL's products have not and do not infringe any claim of the CMO Patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

45. LPL has not directly or indirectly contributed to infringement of, nor induced another to infringe the CMO Patents.

## FIFTH AFFIRMATIVE DEFENSE

46. Pursuant to 35 U.S.C. § 287(b), LPL is not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of CMO's allegations of infringement in this action.

## SIXTH AFFIRMATIVE DEFENSE

47. CMO's claims are barred, in whole or in part, because of the affirmative defense of license.

## LPL'S COUNTERCLAIMS AGAINST CMO AND ADDITIONAL PARTY CMO USA

48. By these Counterclaims and pursuant to Rule 13, 19 and/or 20 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff LG.Philips LCD Co., Ltd. ("LPL") seeks injunctive and declaratory relief and damages, including treble or multiple damages, against Plaintiff Chi Mei Optoelectronics Corporation ("CMO") and additional party Chi Mei Optoelectronics USA, Inc. ("CMO USA").

49. Counterclaim Plaintiff LPL is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

50. Counterclaim Defendant CMO is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, TAIWAN 74147, R.O.C.

51. Counterclaim Defendant CMO USA is a domestic subsidiary of CMO that either directly or indirectly imports into, sells, and/or offers for sale its products in Texas and elsewhere in the United States. CMO owns 100% of the shares of Chi Mei Optoelectronics Japan Co., Ltd. ("CMO Japan"), which in turn owns 100% of the shares of CMO USA. CMO USA is a Delaware corporation, having its principal pace of business at 101 Metro Drive Suite 510, San Jose, CA 95110. CMO USA markets and sells CMO's products throughout the United States.

52. LPL is the owner of United States Patent No. 5,905,274 ("the '274 Patent"), United States Patent No. 6,815,321 ("the '321 Patent"), United States Patent No. 7,176,489 ("the '489 Patent"), United States Patent No. 6,803,984 ("the '984 Patent"), and United States Patent No. 7,218,374 ("the '374 Patent") owned by LPL (collectively "the LPL Patents").

53. CMO claims to be the owner of United States Patent No. 6,008,786 ("the '786 Patent"), United States Patent No. 6,013,923 ("the '923 Patent"), United States Patent No. 5,619,352 ("the '352 Patent"), and United States Patent No. 6,734,926 ("the '926 Patent") (collectively "the CMO Patents").

54. These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the LPL Patents.

55. Additionally, these Counterclaims are under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LPL and CMO regarding the validity and infringement of the claims of the CMO Patents, and is intended to provide appropriate and necessary declaratory relief.

56. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

57. This Court has jurisdiction over the Counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

58. This Court has personal jurisdiction and venue over CMO because, *inter alia*, CMO has submitted itself to the jurisdiction of this Court.

59. This Court has personal jurisdiction over CMO USA and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b), in that CMO USA is committing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as intermediaries. CMO USA regularly imports large quantities of CMO products into the United States for distribution throughout the United States, including in this judicial district. CMO USA is involved in the distribution of infringing LCD products and are aware that their products are sold throughout the United States, including in Texas. The established distribution networks of CMO USA consist of national distributors and resellers, and CMO USA distributes to

national retailers that have stores located in Texas. By shipping into, offering to sell in, using, or selling products that infringe the LPL Patents in this judicial district, or by inducing or causing those acts to occur, CMO USA has transacted and transacts business and performs, works, and services in this judicial district, has contracted and contracts to supply services and things in this judicial district, has caused and causes injury and damages in this judicial district by acts and omissions in this judicial district, and has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

## THE LPL PATENTS

60. On May 18, 1999, the '274 Patent, entitled "Thin-Film Transistor And Method Of Making Same," was duly and legally issued. LPL is the owner by assignment of all rights, title, and interest in and to the '274 Patent. A copy of the '274 Patent is attached as Exhibit A.

61. On November 9, 2004, the '321 Patent, entitled "Thin-Film Transistor And Method Of Making Same," was duly and legally issued. LPL is the owner by assignment of all rights, title, and interest in and to the '321 Patent. A copy of the '321 Patent is attached as Exhibit B.

62. On February 13, 2007, the '489 Patent, entitled "Thin-Film Transistor And Method Of Making Same," was duly and legally issued. LPL is the owner by assignment of all rights, title, and interest in and to the '489 Patent. A copy of the '489 Patent is attached as Exhibit C.

63. On October 12, 2004, the '984 Patent, entitled "Method and Apparatus for Manufacturing Liquid Crystal Display Device Using Serial Production Processes," was duly and legally issued. LPL is the owner by assignment of all rights, title, and interest in and to the '984 Patent. A copy of the '984 Patent is attached as Exhibit D.

64. On May 15, 2007, the '374 Patent, entitled "Liquid Crystal Display Device and Method of Manufacturing the Same," was duly and legally issued. LPL is the owner by assignment of all rights, title, and interest in and to the '374 Patent. A copy of the '374 Patent is attached as Exhibit E.

65. As owner of the '274 patent, the '321 patent, the '489 patent, the '984 patent, and the '374 patent (collectively "the LPL Patents"), LPL possesses the right to sue and to recover for infringement of the LPL Patents.

66. CMO and CMO USA (collectively the "Counterclaim Defendants") have been and are infringing and/or inducing infringement of the LPL Patents because they at least use, cause to be used, make, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in this judicial district and elsewhere in the United States products that infringe the LPL Patents.

## COUNTERCLAIM COUNT I
## INFRINGEMENT OF THE '274 PATENT

67. LPL hereby incorporates paragraphs 48-66 above as though fully set forth herein.

68. Counterclaim Defendants have infringed, and/or induced infringement of the '274 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported

products that infringe one or more claims of the '274 Patent in this judicial district and elsewhere in the United States.

69. The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Counterclaim Defendants meet each and every limitation of at least one claim of the '274 Patent, either literally or equivalently.

70. LPL has been and will continue to be injured by Counterclaim Defendants' past and continuing infringement of the '274 Patent and is without adequate remedy at law.

71. Counterclaim Defendants have, upon information and belief, infringed and are infringing the '274 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing their conduct is lawful. Counterclaim Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNTERCLAIM COUNT II**
**INFRINGEMENT OF THE '321 PATENT**

72. LPL hereby incorporates paragraphs 48-71 above as though fully set forth herein.

73. Counterclaim Defendants have infringed and/or induced infringement of the '321 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that are made by a method that infringes one or more claims of the '321 Patent in this judicial district and elsewhere in the United States.

74. The products made by the infringing method that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Counterclaim Defendants meet each and every limitation of at least one claim of the '321 Patent, either literally or equivalently.

75. LPL has been and will continue to be injured by Counterclaim Defendants' past and continuing infringement of the '321 Patent and is without adequate remedy at law.

76. Counterclaim Defendants have, upon information and belief, infringed and are infringing the '321 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing their conduct is lawful. Counterclaim Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM COUNT III
## INFRINGEMENT OF THE '489 PATENT

77. LPL hereby incorporates paragraphs 48-76 above as though fully set forth herein.

78. Counterclaim Defendants have infringed and/or induced infringement of the '489 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '489 Patent in this judicial district and elsewhere in the United States.

79. The products that were used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by

Counterclaim Defendants meet each and every limitation of at least one claim of the '489 Patent, either literally or equivalently.

80. LPL has been and will continue to be injured by Counterclaim Defendants' past and continuing infringement of the '489 Patent and is without adequate remedy at law.

81. Counterclaim Defendants, upon information and belief, infringe the '489 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing their conduct is lawful. Counterclaim Defendants' infringement is and will continue to be willful and deliberate, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNTERCLAIM COUNT IV**
**INFRINGEMENT OF THE '984 PATENT**

82. LPL hereby incorporates paragraphs 48-81 above as though fully set forth herein.

83. Counterclaim Defendants have infringed, and/or induced infringement of the '984 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '984 Patent in this judicial district and elsewhere in the United States.

84. The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Counterclaim Defendants meet each and every limitation of at least one claim of the '984 Patent, either literally or equivalently.

85. LPL has been and will continue to be injured by Counterclaim Defendants's past and continuing infringement of the '984 Patent and is without adequate remedy at law.

86. Counterclaim Defendants, upon information and belief, infringed and is infringing the '984 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing its conduct is lawful. Counterclaim Defendants's infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM COUNT V
### INFRINGEMENT OF THE '374 PATENT

87. LPL hereby incorporates paragraphs 48-86 above as though fully set forth herein.

88. Counterclaim Defendants have infringed, and/or induced infringement of the '374 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '374 Patent in this judicial district and elsewhere in the United States.

89. The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Counterclaim Defendants meet each and every limitation of at least one claim of the '374 Patent, either literally or equivalently.

90. LPL has been and will continue to be injured by Counterclaim Defendants's past and continuing infringement of the '374 Patent and is without adequate remedy at law.

91. Counterclaim Defendants, upon information and belief, infringed and is infringing the '374 Patent with knowledge of LPL's patent rights and without a reasonable basis for believing its conduct is lawful. Counterclaim Defendants's infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LPL to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM COUNT VI
### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '786 PATENT, THE '923 PATENT, THE '352 PATENT, AND THE '926 PATENT AGAINST CMO

92. LPL hereby incorporates paragraphs 48-91 above as though fully set forth herein.

93. CMO has accused LPL of infringing the CMO Patents, as such, there is a substantial controversy between the parties having adverse legal interests.

94. Claims of the '786 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

95. Claims of the '923 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

96. Claims of the '352 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

97. Claims of the '926 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

98. Because CMO has asserted the CMO Patents against LPL, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '786 Patent, the '923 Patent, the '352 Patent, and the '926 Patent are invalid.

**COUNTERCLAIM COUNT VII**
**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '786 PATENT, THE '923 PATENT, THE '352 PATENT, AND THE '926 PATENT AGAINST CMO**

99. LPL hereby incorporates paragraphs 48-98 above as though fully set forth herein.

100. LPL's LCD modules and/or methods of driving LCD modules do not infringe any claim of the '786 Patent, either literally or under the doctrine of equivalents.

101. LPL's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '923 Patent, either literally or under the doctrine of equivalents.

102. LPL's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '352 Patent, either literally or under the doctrine of equivalents.

103. LPL's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '926 Patent, either literally or under the doctrine of equivalents.

104. Because CMO maintains that LPL infringes the CMO Patents, thereby creating an actual controversy, a declaration of rights between LPL and CMO is both appropriate and necessary to establish that LPL has not infringed and does not infringe any claim of the '786 Patent, the '923 Patent, the '352 Patent, or the '926 Patent.

**PRAYER FOR RELIEF**

**WHEREFORE**, LPL prays for judgment as follows:

A. That the Court dismiss CMO's complaint with prejudice;

B. That the LPL Patents are valid and enforceable;

C. That Counterclaim Defendants have infringed the LPL Patents;

D. That Counterclaim Defendants' infringement of the LPL Patents have been willful;

E. That Counterclaim Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from inducing the infringement of, the LPL Patents, prior to their expiration, including any extensions;

F. That Counterclaim Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to LPL all products that infringe the LPL Patents for destruction at LPL's option;

G. That LPL be awarded monetary relief adequate to compensate LPL for Counterclaim Defendants' acts of infringement of the LPL Patents within the United States prior to the expiration of the LPL Patents, including any extensions;

H. That any monetary relief awarded to LPL regarding the infringement of the LPL Patents be trebled due to the willful nature of Counterclaim Defendants' infringement of the LPL Patents;

I. That any monetary relief awarded to LPL be awarded with prejudgment interest;

J. That a post trial accounting be done as part of the monetary relief awarded to LPL;

K. That the Court issue a declaratory judgment that LPL does not directly or indirectly infringe any of the CMO Patents under any applicable provision of 35 U.S.C. § 271;

L. That the Court issue a declaratory judgment that the CMO Patents are invalid;

M. That this is an exceptional case under 35 U.S.C. § 285 and that LPL be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

N. That the Court award LPL other relief as it may find appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LG.Philips LCD Co., Ltd. respectfully demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

Law Office of Mike C. Miller, P.C.

/s/ Mike C. Miller

Mike C. Miller
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Phone: (903) 938-4395
Facsimile: (903) 938-3360

*Attorneys for Defendants*
*LG.Philips LCD Co., Ltd. and*
*LG.Philips LCD America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

August 13, 2007