UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation<br><br>Plaintiff,<br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-CV-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**CHI MEI OPTOELECTRONICS CORPORATION'S AND
CHI MEI OPTOELECTRONICS USA, INC.'S
REPLY TO LG.PHILIPS LCD COMPANY'S COUNTERCLAIMS AND
CHI MEI OPTOELECTRONICS CORPORATION'S RELATED COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Chi Mei Optoelectronics Corp. ("CMO") and Counterclaim Defendant Chi Mei Optoelectronics USA, Inc. ("CMO USA") (collectively "Counterdefendants") hereby reply to the allegations of Defendant and Counterclaim Plaintiff LG.Philips LCD Co., LTD. ("LPL") set forth in Paragraphs 48-104 of its Counterclaims ("LPL Counterclaims"). CMO also asserts additional related counterclaims.

## COUNTERDEFENDANTS' REPLY TO THE LPL COUNTERCLAIMS

1. Answering Paragraph 48 of the LPL Counterclaims, Counterdefendants admit that LPL asserts counterclaims against Counterdefendants but deny that LPL is entitled to any of the relief it seeks. Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

2. Answering Paragraph 49 of the LPL Counterclaims, Counterdefendants admit that LPL is a company registered under the laws of Korea with its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

3. Answering Paragraph 50 of the LPL Counterclaims, Counterdefendants admit that CMO is a Taiwanese corporation having its principal place of business in Tainan, Taiwan 74147, R.O.C. Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

4. Answering Paragraph 51 of the LPL Counterclaims, Counterdefendants admit that CMO USA is a domestic subsidiary of CMO and that CMO USA is a Delaware corporation having its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110. Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

5. Answering Paragraph 52 of the LPL Counterclaims, Counterdefendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore deny them.

6. Answering Paragraph 53 of the LPL Counterclaims, Counterdefendants admit this paragraph.

7. Answering Paragraph 54 of the LPL Counterclaims, Counterdefendants admit that LPL purports to base its Counterclaims on 35 U.S.C. § 100 *et seq*. Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

8. Answering Paragraph 55 of the LPL Counterclaims, Counterdefendants admit there is a justiciable controversy between LPL and CMO regarding the validity and infringement

of the claims of United States Patent Nos. 6,008,786 ("the '786 Patent"); 6,013,923 ("the '923 Patent"); 5,619,352 ("the '352 Patent"); and 6,734,926 ("the '926 Patent") (collectively "the CMO Patents"). Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

9. Answering Paragraph 56 of the LPL Counterclaims, Counterdefendants admit that LPL alleges that the Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required.

10. Answering Paragraph 57 of the LPL Counterclaims, Counterdefendants admit that LPL alleges that the Court has jurisdiction over the Counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331. Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required. Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

11. Answering Paragraph 58 of the LPL Counterclaims, Counterdefendants admit the allegations of this paragraph, except that, insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required. Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

12. Answering Paragraph 59 of the LPL Counterclaims, Counterdefendants deny the allegations in this paragraph.

**THE LPL PATENTS**

13. Answering Paragraph 60 of the LPL Counterclaims, Counterdefendants admit Exhibit A to the LPL Counterclaims purports to be a copy of United States Patent No. 5,905,274 ("the '274 Patent") and that the '274 Patent states on its face that it was issued on May 18, 1999, and that it is titled "Thin-Film Transistor And Method Of Making Same." Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

14. Answering Paragraph 61 of the LPL Counterclaims, Counterdefendants admit that Exhibit B to the LPL Counterclaims purports to be a copy of United States Patent No. 6,815,321 ("the '321 Patent") and that the '321 Patent states on its face that it was issued on November 9, 2004, and that it is titled "Thin-Film Transistor And Method of Making Same." Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

15. Answering Paragraph 62 of the LPL Counterclaims, Counterdefendants admit that Exhibit C to the LPL Counterclaims purports to be a copy of United States Patent No. 7,176,489 ("the '489 Patent") and that the '489 Patent states on its face that it was issued on February 13, 2007, and that it is titled "Thin-Film Transistor And Method of Making Same." Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

16. Answering Paragraph 63 of the LPL Counterclaims, Counterdefendants admit that Exhibit D to the LPL Counterclaims purports to be a copy of United States Patent No. 6,803,984 ("the '984 Patent") and that the '984 Patent states on its face that it was issued on October 12, 2004, and that it is titled "Method and Apparatus for Manufacturing Liquid Crystal Display Device Using Serial Production Processes." Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

17. Answering Paragraph 64 of the LPL Counterclaims, Counterdefendants admit that Exhibit E to the LPL Counterclaims purports to be a copy of United States Patent No. 7,218,374 ("the '374 Patent") and that the '374 Patent states on its face that it was issued on May 15, 2007, and that it is titled "Liquid Crystal Display Device and Method of Manufacturing the Same." Except as expressly admitted herein, Counterdefendants deny each and every allegation contained in this paragraph.

18. Answering Paragraph 65 of the LPL Counterclaims, Counterdefendants do not have sufficient information to either admit to or deny this paragraph, and on that basis denies it.

19. Answering Paragraph 66 of the LPL Counterclaims, Counterdefendants deny the allegations in this paragraph.

## RESPONSE TO COUNTERCLAIM COUNT I
## INFRINGEMENT OF THE '274 PATENT

20. Answering Paragraph 67 of the LPL Counterclaims, Counterdefendants refer to and incorporate their above responses to Paragraphs 48-66 of the LPL Counterclaims.

21. Answering Paragraph 68 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

22. Answering Paragraph 69 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

23. Answering Paragraph 70 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

24. Answering Paragraph 71 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

## RESPONSE TO COUNTERCLAIM COUNT II
## INFRINGEMENT OF THE '321 PATENT

25. Answering Paragraph 72 of the LPL Counterclaims, Counterdefendants refer to and incorporate their above responses to Paragraphs 48-71 of the LPL Counterclaims.

26. Answering Paragraph 73 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

27. Answering Paragraph 74 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

28. Answering Paragraph 75 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

29. Answering Paragraph 76 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT III
### INFRINGEMENT OF THE '489 PATENT

30. Answering Paragraph 77 of the LPL Counterclaims, Counterdefendants refer to and incorporate their above responses to Paragraphs 48-76 of the LPL Counterclaims.

31. Answering Paragraph 78 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

32. Answering Paragraph 79 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

33. Answering Paragraph 80 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

34. Answering Paragraph 81 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT IV
### INFRINGEMENT OF THE '984 PATENT

35. Answering Paragraph 82 of the LPL Counterclaims, Counterdefendants refer to and incorporate their above responses to Paragraphs 48-81 of the LPL Counterclaims.

36. Answering Paragraph 83 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

37. Answering Paragraph 84 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

38. Answering Paragraph 85 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

39. Answering Paragraph 86 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT V
### INFRINGEMENT OF THE '374 PATENT

40. Answering Paragraph 87 of the LPL Counterclaims, Counterdefendants refer to and incorporate their above responses to Paragraphs 48-86 of the LPL Counterclaims.

41. Answering Paragraph 88 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

42. Answering Paragraph 89 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

43. Answering Paragraph 90 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

44. Answering Paragraph 91 of the LPL Counterclaims, Counterdefendants deny the allegations of this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT VI
### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '786 PATENT, THE '923 PATENT, THE '352 PATENT, AND THE '926 PATENT AGAINST CMO

45. Answering Paragraph 92 of the LPL Counterclaims, CMO refers to and incorporates Counterdefendants' above responses to Paragraphs 48-91 of the LPL Counterclaims.

46. Answering Paragraph 93 of the LPL Counterclaims, CMO admits the allegations of this paragraph.

47. Answering Paragraph 94 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

48. Answering Paragraph 95 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

49. Answering Paragraph 96 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

50. Answering Paragraph 97 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

51. Answering Paragraph 98 of the LPL Counterclaims, CMO admits that it has asserted the CMO Patents against LPL and LG.Philips LCD America, Inc. ("LPLA") (collectively "Defendants").  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT VII
### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '786 PATENT, THE '923 PATENT, THE '352 PATENT, AND THE '926 PATENT AGAINST CMO

52. Answering Paragraph 99 of the LPL Counterclaims, CMO refers to and incorporates Counterdefendants' above responses to Paragraphs 48-98 of the LPL Counterclaims.

53. Answering Paragraph 100 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

54. Answering Paragraph 101 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

55. Answering Paragraph 102 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

56. Answering Paragraph 103 of the LPL Counterclaims, CMO denies the allegations of this paragraph.

57. Answering Paragraph 104 of the LPL Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

### AFFIRMATIVE DEFENSES

Counterdefendants assert the following affirmative defenses. Counterdefendants also reserve the right to add defenses that may be supported by the facts upon the completion of discovery.

### First Affirmative Defense

58. LPL has failed to state a claim for which relief can be granted.

### Second Affirmative Defense

59. Counterdefendants do not infringe and have not infringed any claims of the '274 Patent, the '321 Patent, the '489 Patent, the '984 Patent, or the '374 Patent (collectively "the LPL Patents"), either literally or under the doctrine of equivalents.

### Third Affirmative Defense

60. The claims of the LPL Patents are invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Affirmative Defense

61. Counterdefendants have not directly or indirectly contributed to infringement of, nor induced another to infringe, the LPL Patents.

### Fifth Affirmative Defense

62. On information and belief, LPL has failed properly to mark commercial embodiments of its patented products in accordance with 35 U.S.C. § 287, and therefore is precluded from recovering damages pursuant to Section 287.

### Sixth Affirmative Defense

63. LPL's claims for relief are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and acquiescence.

### Seventh Affirmative Defense

64. LPL is not entitled to injunctive relief because, among other things, any injury to it is not immediate or irreparable, and LPL has an adequate remedy at law.

### PRAYER FOR RELIEF ON LPL'S COUNTERCLAIMS

WHEREFORE, Counterdefendants demand judgment against LPL by:

a. An order and decree that the CMO Patents are infringed by LPL;

b. An order and decree that the CMO Patents are not invalid;

c. An order and decree that the LPL Patents are not infringed by CMO;

d. An order and decree that the LPL Patents are invalid;

e. Granting the relief requested in CMO's Complaint against Defendants.

f. Dismissing Defendants' Counterclaims with prejudice;

g. A determination that Defendants take nothing;

h. A determination that no injunctive relief issues to Defendants;

i. A determination that no damages be awarded to Defendants;

j. A determination that no costs or attorneys' fees be awarded to Defendants; and

k. Such other and further relief as the Court may deem just and proper.

## II. CMO'S COUNTERCLAIMS

CMO, upon knowledge with respect to itself, and upon information and belief with respect to all other matters, for its Counterclaims against Defendants alleges as follows:

1. CMO's Counterclaims are brought for declaratory judgments of noninfringement and invalidity of the LPL Patents, arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. and the Patent Laws of the United States of America, 35 U.S.C. §§ 1 et seq.

2. In addition, CMO brings a counterclaim of patent infringement of U.S. Patent Nos. 6,134,092 ("the '092 Patent") and 7,280,179 ("the '179 Patent"), arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 et seq.

3. This Court has subject matter jurisdiction over CMO's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and because LPL has accused CMO of infringing the LPL Patents.

4. This Court has personal jurisdiction over the Defendants because, among other things, Defendants have submitted themselves to the jurisdiction of this Court

5. Chi Mei Optoelectronics Corp. ("CMO") is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 3, Sec. 1, Huanshi Rd., Southern Taiwan Science Park, Sinshih Township, Tainan Country, 74147 Taiwan R.O.C.

6. Defendant LG.Philips LCD Co., Ltd ("LPL") is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

7. Defendant LG.Philips LCD America, Inc. ("LPLA") is a wholly-owned subsidiary of LPL. LPLA is a corporation organized and existing under the laws of California, having a principal place of business at 150 E. Brokaw Rd., San Jose, CA 95112.

8. CMO is informed and believes, and thereon alleges, that LPL and LPLA have placed infringing devices into the stream of commerce by shipping those products into this judicial district or knowing that the devices would be shipped into this judicial district.

9. CMO is informed and believes, and thereon alleges, that LPL has ongoing and systematic contacts throughout the United States. LPL has sales offices in California, Texas, North Carolina, and Illinois, and it has continuous and systematic contacts with this judicial district and elsewhere in the United States for the purpose of, among other things, meetings with employees of its subsidiary and promoting the sale of its products.

10. CMO is informed and believes, and thereon alleges, that LPLA has ongoing and systematic contacts throughout the United States. LPLA has placed TFT-LCD panels and LCD modules into the stream of commerce by shipping those panels and modules into this judicial district or knowing that they would be shipped into this judicial district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(d) because, among other reasons, LPL is subject to personal jurisdiction in this judicial district, has committed acts of infringement in this judicial district, and is an alien subject to suit in this judicial district; and LPLA is subject to personal jurisdiction in this judicial district and has committed acts of infringement in this judicial district.

## **Counterclaim Count I for Declaratory Judgment**
## **of Non-Infringement and Invalidity Against LPL**

12. CMO incorporates by reference the allegations contained in Paragraphs 1-11 of its Counterclaim as though fully set forth herein.

13. CMO is informed and believes, and thereon alleges, that the Counterdefendants have not infringed and are not now infringing any claim of the LPL Patents, either literally or under the doctrine of equivalents.

14. CMO is informed and believes, and thereon alleges, that each of the LPL Patents is invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

15. LPL's Counterclaims, filed in the present action, accuse the Counterdefendants of infringing the LPL Patents. Accordingly, there is an actual and substantial controversy between LPL and the Counterdefendants as to whether the LPL patents are valid and infringed.

## Counterclaim Count II for
## Infringement of the '092 Patent

16. Counterdefendant CMO is the owner of the entire right, title and interest in and to the '092 Patent, entitled "Illumination Device for Non-emissive Displays," which was duly issued on October 17, 2000, in the name of inventors David G. Pelka, John M. Popovich, and Thomas W. Dowland, Jr., and is now assigned to CMO. A copy of the '092 Patent is attached hereto as Exhibit A.

17. CMO is informed and believes, and thereon alleges, that LPL and LPLA have infringed, and are currently infringing, the '092 Patent, in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '092 Patent.

18. CMO is informed and believes, and thereon alleges, that LPL and LPLA actively induced and are actively inducing the infringement of the '092 Patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to make, use, offer for sale, sell and/or import within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '092 Patent.

19. CMO is informed and believes, and thereon alleges, that LPL and LPLA have contributorily infringed and are currently contributorily infringing the '092 Patent, in violation of 35 U.S.C. § 271(c), by selling, offering for sale and/or importing within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD

modules, and/or components thereof, which constitute a material part of the '092 Patent, knowing that such panels, modules, and/or components are especially made or especially adapted for use in the infringement of the '092 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

20.  CMO is informed and believes, and thereon alleges, that LPL and LPLA's infringement of the '092 Patent has been and continues to be willful and deliberate.

21.  Unless enjoined, LPL and LPLA will continue to infringe the '092 Patent, and CMO will suffer irreparable injury as a direct and proximate result of LPL's and LPLA's conduct.

22.  CMO has been damaged by LPL's and LPLA's conduct and until an injunction issues will continue to be damaged in an amount yet to be determined.

## Counterclaim Count III for
## Infringement of the '179 Patent

23.  Counterdefendant CMO is the owner of the entire right, title and interest in and to the '179 Patent, entitled "Liquid Crystal Display Cell and Method for Manufacturing Same," which was duly issued on October 9, 2007, in the name of inventors Hsin-Yi Hsu and Shang-Tai Tsai, and is now assigned to CMO. A copy of the '179 Patent is attached hereto as Exhibit B.

24.  CMO is informed and believes, and thereon alleges, that LPL and LPLA have infringed, and are currently infringing, the '179 Patent, in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '179 Patent.

25.  CMO is informed and believes, and thereon alleges, that LPL and LPLA actively induced and are actively inducing the infringement of the '179 Patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to make, use, offer for sale, sell

and/or import within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '179 Patent.

26. CMO is informed and believes, and thereon alleges, that LPL and LPLA have contributorily infringed and are currently contributorily infringing the '179 Patent, in violation of 35 U.S.C. § 271(c), by selling, offering for sale and/or importing within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof, which constitute a material part of the '179 Patent, knowing that such panels, modules, and/or components are especially made or especially adapted for use in the infringement of the '179 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

27. CMO is informed and believes, and thereon alleges, that LPL and LPLA's infringement of the '179 Patent has been and continues to be willful and deliberate.

28. Unless enjoined, LPL and LPLA will continue to infringe the '179 Patent, and CMO will suffer irreparable injury as a direct and proximate result of LPL's and LPLA's conduct.

29. CMO has been damaged by LPL's and LPLA's conduct and until an injunction issues will continue to be damaged in an amount yet to be determined.

## **PRAYER FOR RELIEF ON CMO'S COUNTERCLAIMS**

WHEREFORE, CMO demands judgment against Defendants, on its Counterclaims, as follows:

    a.    That the LPL Patents are not infringed by CMO;

    b.    That the LPL Patents are invalid;

    c.    That CMO's '092 Patent and '179 Patent are valid;

    d.    That LPL and LPLA have directly infringed the '092 Patent and the '179 Patent;

e. That LPL and LPLA have induced the infringement of the '092 Patent and the '179 Patent;

f. That LPL and LPLA have contributorily infringed the '092 Patent and the '179 Patent;

g. That LPL and LPLA and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '092 Patent and the '179 Patent;

h. That LPL and LPLA be ordered to pay compensatory damages to CMO, together with interest;

i. That LPL and LPLA be ordered to provide an accounting;

j. That LPL and LPLA be ordered to pay supplemental damages to CMO, together with interest;

k. That the infringement by LPL and LPLA be adjudged willful and that the damages to CMO be increased under 35 U.S.C. § 284 to three times the amount found or measured;

l. That this be adjudged an exceptional case pursuant to 35 U.S.C. § 285;

m. That CMO be awarded attorneys' fees and costs; and

n. That CMO be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant Chi Mei Optoelectronics hereby demands trial by jury on all issues.

Dated: October 9, 2007                                  Respectfully submitted,


                                                        By:   /s/Alexander C.D. Giza
                                                              Alexander C.D. Giza

                                                        GILLAM & SMITH
                                                        Melissa Smith (Attorney-in-Charge)
                                                        303 S. Washington Ave.
                                                        Marshall, TX 75670
                                                        Tel: (903) 934-8450
                                                        Fax: (903) 934-9257

                                                        Of counsel:
                                                        IRELL & MANELLA LLP
                                                        Jonathan S. Kagan
                                                        Alexander C.D. Giza
                                                        1800 Avenue of the Stars, Suite 900
                                                        Los Angeles, CA  90067

                                                        Attorneys for Plaintiff and Counterdefendants
                                                        Chi Mei Optoelectronics and
                                                        Chi Mei Optoelectronics USA


**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 9th day of October, 2007.

                                                          /s/ Alexander C.D. Giza