UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants.<br><br>LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**LG.PHILIPS LCD CO., LTD.'S AND LG.PHILIPS LCD AMERICA INC.'S
ANSWER TO CMO'S RELATED COUNTERCLAIMS AND
LG.PHILIPS LCD CO., LTD.'S AND LG.PHILIPS LCD AMERICA INC.'S
RELATED COUNTERCLAIMS**

Defendants LG.Philips LCD Co., Ltd. ("LPL") and LG.Philips LCD America, Inc. ("LPLA") (collectively "Defendants"), by and through their undersigned counsel, hereby file their Answer to Chi Mei Optoelectronics Corporation's ("CMO") Related Counterclaims in the above titled action, filed on or about October 9, 2007, assert

affirmative defenses to those claims, and assert counterclaims against CMO. A jury trial is demanded for all claims so triable.

## RESPONSE TO CMO'S COUNTERCLAIMS

1. Defendants admit that CMO purports to assert claims arising under the patent laws of the United States, but deny the remaining allegations in paragraph 1 of CMO's Counterclaims.

2. Defendants admit that CMO purports to assert claims arising under the patent laws of the United States, but deny the remaining allegations in paragraph 2 of CMO's Counterclaims.

3. Defendants admit that this Court has subject matter jurisdiction over CMO's Counterclaims, but the remaining allegations in paragraph 3 of CMO's Counterclaims are conclusions of law to which Defendants need not respond.

4. Defendants admit they have asserted counterclaims in the present action but otherwise deny the allegations in paragraph 4 of CMO's Counterclaims.

5. Defendants admit the allegations in paragraph 5 of CMO's Counterclaims.

6. Defendants admit the allegations in paragraph 6 of CMO's Counterclaims.

7. Defendants admit the allegations in paragraph 7 of CMO's Counterclaims.

8. Defendants deny the allegations in paragraph 8 of CMO's Counterclaims.

9. Defendants admit that LPL has sales offices in California, Texas (Austin and Houston), North Carolina, and Illinois, but deny the remaining allegations in paragraph 9 of CMO's Counterclaims.

10. Defendants deny the allegations in paragraph 10 of CMO's Counterclaims.

11. Defendants deny the allegations in paragraph 11 of CMO's Counterclaims.

## RESPONSE TO COUNTERCLAIM I

12. LPL hereby incorporates paragraphs 1-11 above as though fully set forth herein.

13. LPL denies the allegations in paragraph 13 of CMO's Counterclaims.

14. LPL denies the allegations in paragraph 14 of CMO's Counterclaims.

15. LPL admits there is a justiciable controversy between LPL and CMO regarding the validity and infringement of the claims of United States Patent Nos. 5,905,274 ("the '274 Patent"), 6,815,321 ("the '321 Patent"), 7,176,489 ("the '489 Patent"), 6,803,984 ("the '984 Patent"), and 7,218,374 ("the '374 Patent") (collectively "the LPL Patents"), but denies the remaining allegations in paragraph 15 of CMO's Counterclaims.

## RESPONSE TO COUNTERCLAIM II

16. Defendants admit that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,134,092 entitled "Illumination Device for Non-emissive Displays" ("the '092 Patent"), but Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 16 of CMO's Counterclaims, and therefore deny them.

17. Defendants deny the allegations in paragraph 17 of CMO's Counterclaims.

18. Defendants deny the allegations in paragraph 18 of CMO's Counterclaims.

19. Defendants deny the allegations in paragraph 19 of CMO's Counterclaims.

20. Defendants deny the allegations in paragraph 20 of CMO's Counterclaims.

21. Defendants deny the allegations in paragraph 21 of CMO's Counterclaims.

22. Defendants deny the allegations in paragraph 22 of CMO's Counterclaims.

## RESPONSE TO COUNTERCLAIM III

23. Defendants admit that Exhibit B to the Complaint purports to be a copy of United States Patent No. 7,280,179 entitled "Liquid Crystal Display Cell and Method for Manufacturing the Same" ("the '179 Patent"), but Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 23 of CMO's Counterclaims, and therefore deny them.

24. Defendants deny the allegations in paragraph 24 of CMO's Counterclaims.

25. Defendants deny the allegations in paragraph 25 of CMO's Counterclaims.

26. Defendants deny the allegations in paragraph 26 of CMO's Counterclaims.

27. Defendants deny the allegations in paragraph 27 of CMO's Counterclaims.

28. Defendants deny the allegations in paragraph 28 of CMO's Counterclaims.

29. Defendants deny the allegations in paragraph 29 of CMO's Counterclaims.

## RESPONSE TO PRAYER FOR RELIEF ON CMO'S COUNTERCLAIMS

As to paragraphs a through n of the Prayer For Relief, Defendants deny that CMO is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to Defendants' right to plead additional defenses as discovery into the facts of the matter warrants, Defendants hereby assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

30. CMO has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

31. One or more claims of the '092 Patent and the '179 Patent (collectively "the CMO Patents") are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

32. Defendants' products have not and do not infringe any claim of the CMO Patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

33. Defendants have not directly or indirectly contributed to the infringement of, nor induced another to infringe, the CMO Patents.

## FIFTH AFFIRMATIVE DEFENSE

34. Pursuant to 35 U.S.C. § 287(b), Defendants are not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of CMO's allegations of infringement in this action.

## SIXTH AFFIRMATIVE DEFENSE

35. CMO is not entitled to injunctive relief because, among other things, any injury to it is not immediate or irreparable and CMO has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

36. CMO's '174 Patent is unenforceable due to inequitable conduct, including, but not limited to the allegations set forth in Counterclaim IX below, which are incorporated herein.

## LPL'S AND LPLA'S COUNTERCLAIMS AGAINST CMO

37. By these Counterclaims and pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiffs LG.Philips LCD Co., Ltd. ("LPL") and LG.Philips LCD America, Inc. ("LPLA") (collectively "Counterclaim Plaintiffs") seek declaratory relief against Plaintiff Chi Mei Optoelectronics Corporation ("CMO").

38. Counterclaim Plaintiff LPL is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

39. Counterclaim Plaintiff LPLA is a California corporation having its principal place of business at 150 East Brokaw Road, San Jose, California 95112-4203.

40. Counterclaim Defendant CMO is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, TAIWAN 74147, R.O.C.

41. CMO claims to be the owner of United States Patent No. 6,134,092 ("the '092 Patent") and United States Patent No. 7,280,179 ("the '179 Patent") (collectively "the CMO Patents").

42. These Counterclaims are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, are based upon an actual controversy between Counterclaim Plaintiffs and CMO regarding the validity and infringement of the claims of the CMO Patents, and are intended to provide appropriate and necessary declaratory relief.

43. This Court has jurisdiction over the Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

44. This Court has personal jurisdiction over CMO and venue is proper in this judicial district because, *inter alia*, CMO has submitted itself to the jurisdiction of this Court.

## COUNTERCLAIM COUNT VIII
## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '092 PATENT AND THE '179 PATENT AGAINST CMO

45. Counterclaim Plaintiffs hereby incorporate paragraphs 1-44 above as though fully set forth herein.

46. CMO has accused Counterclaim Plaintiffs of infringing the CMO Patents, as such, there is a substantial controversy between the parties having adverse legal interests.

47. Claims of the '092 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

48. Claims of the '179 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

49. Because CMO has asserted the CMO Patents against Counterclaim Plaintiffs, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '092 Patent and the '179 Patent are invalid.

## COUNTERCLAIM COUNT IX
## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '092 PATENT AND THE '179 PATENT AGAINST CMO

50. Counterclaim Plaintiffs hereby incorporate paragraphs 1-49 above as though fully set forth herein.

51. Counterclaim Plaintiffs' LCD modules and/or methods of lighting LCD modules do not infringe any claim of the '092 Patent, either literally or under the doctrine of equivalents.

52. Counterclaim Plaintiffs' LCD panels and/or methods for manufacturing LCD panels do not infringe any claim of the '179 Patent, either literally or under the doctrine of equivalents.

53. Because CMO maintains that Counterclaim Plaintiffs infringe the CMO Patents, thereby creating an actual controversy, a declaration of rights between Counterclaim Plaintiffs and CMO is both appropriate and necessary to establish that Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '092 Patent or the '179 Patent.

## COUNTERCLAIM COUNT X
## CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '179 PATENT AGAINST CMO

54. Counterclaim Plaintiffs hereby incorporate paragraphs 1-53 above as though fully set forth herein.

55. The '179 Patent relates to liquid crystal display cell with a sealing member including a main portion that encloses a display region of the liquid crystal display cell and a protrusion part extending from the main portion.

8

56. The listed inventors Hsin-Yi Hsu, Shang-Tai Tsa; the assignee of the patent, CMO; and/or one or more individuals involved with the filing and prosecution of the '179 Patent had knowledge of material prior art references disclosing, among other features, a main sealant enclosing a display region having no injection hole, and on information and belief, willfully and with the intent to deceive the United States Patent and Trademark Office ("USPTO") refrained from disclosing such references to the USPTO. Such prior art references include, but are not limited to, U.S. Patent No. 7,219,374 ("the '374 Patent").

57. The application for the '374 Patent, Serial No. 10/184,118, was filed on June 28, 2002, claiming priority for earlier-filed Korean Patent Application No. 2002-8900, filed in Korea on February 20, 2002. The application for the '374 Patent published in the United States on August 21, 2003 as Publication No. US 2003/0156246 A1.

58. The '374 Patent and its teachings were highly material to the patentability of one or more claims of the '179 Patent during its prosecution. The '374 Patent establishes, individually and in combination with other information, a prima facie case of unpatentability of one or more claims of the '179 Patent, as it (among other prior art) renders one or more of the claims of the '179 Patent invalid under 35 U.S.C. § § 102 and 103. On information and belief, the '374 Patent would have been viewed as important by a reasonable Examiner. Further, the '374 Patent was not cumulative of other art of record in the application leading to the '179 Patent.

59. On information and belief, the listed inventors, the assignee, and/or one or more individuals involved with the filing and prosecution of the '179 Patent had knowledge of the '374 Patent during the prosecution in the United States of application

number 10/921,508, filed on August 19, 2004, which led to the '179 Patent. The '179 Patent claims foreign priority to earlier-filed Taiwanese Patent Application No. 92130636, filed in Taiwan on November 3, 2003.

60. On August 10, 2004, each named inventor of the '179 Patent signed a declaration stating, in part, "I/we acknowledge the duty to disclose information which is material to patentability as defined in 37 C.F.R. 1.56." This declaration was filed in the USPTO as part of the prosecution record for the '179 Patent.

61. A Notice of Allowance for the application that issued as the '179 Patent was mailed by the USPTO on June 5, 2007 and attorneys for CMO paid the issue fee and signed and submitted the Issue Fee Transmittal to the USPTO on September 4, 2007.

62. On August 8, 2007, during the prosecution of the application that issued as the '179 Patent and before payment of the issue fee or issuance of the '179 Patent, LPL filed its First Amended Answer to AU Optronics's Amended Counterclaims and Additional Counterclaims in the United States District Court for the District of Delaware, Civil Action No. 06-726-GMS ("LPL's First Amended Answer"). LPL asserted that CMO infringed and induced infringement of the '374 Patent. A copy of the '374 Patent was filed as Exhibit C to LPL's First Amended Answer, which was served on CMO through its counsel, Messrs. Philip Rovner and David Moore of Potter Anderson & Corroon LLP and Messrs. Kenneth R. Adamo, Robert Kahrl and Arthur Licygiewicz of Jones Day on August 8, 2007.

63. On August 13, 2007, during the prosecution of the application that issued as the '179 Patent and before payment of the issue fee or issuance of the '179 Patent, LPL filed its Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff and

Additional Party Chi Mei Optoelectronics USA, Inc. ("CMO USA") ("LPL's Answer and Counterclaims") in the instant case. LPL asserted that CMO and CMO USA infringed and induced infringement of the '374 Patent. A copy of the '374 Patent was filed as Exhibit E to LPL's Answer and Counterclaims, which was served on CMO through its counsel, Ms. Melissa Richards Smith of Gillem & Smith, LLP and Mr. Jonathon Kagan of Irell & Manella LLP on August 13, 2007.

64. An actual and justiciable controversy exists between the parties as to the enforceability of the '179 Patent. Declaratory relief is both appropriate and necessary to establish that the '179 Patent is unenforceable.

65. Because the listed inventors, the assignee, and/or one or more individuals involved with the filing and prosecution of the '179 Patent failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the '179 Patent, the '179 Patent is unenforceable due to inequitable conduct. Counterclaim Plaintiffs are entitled to a judicial declaration that the '179 Patent is unenforceable.

**PRAYER FOR RELIEF**

**WHEREFORE**, LPL and LPLA pray for judgment as follows:

A. That the Court dismiss CMO's complaint with prejudice;

B. That the Court issue a declaratory judgment that LPL and LPLA do not directly or indirectly infringe any of the CMO Patents under any applicable provision of 35 U.S.C. § 271;

C. That the Court issue a declaratory judgment that the CMO Patents are invalid;

D. That the Court issue a declaratory judgment that the '179 Patent is unenforceable;

E. That this is an exceptional case under 35 U.S.C. § 285 and that LPL and LPLA be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

F. That the Court award LPL and LPLA other relief as it may find appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LPL and LPLA respectfully demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

Law Office of Mike C. Miller, P.C.

/s/ Mike C. Miller
Mike C. Miller
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Phone: (903) 938-4395
Facsimile: (903) 938-3360

*Attorney for Defendants*
*LG.Philips LCD Co., Ltd, and*
*LG.Philips LCD America, Inc.*

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

November 2, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 2nd, 2007. As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service. Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

/s/ Mike C. Miller