UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation<br><br>    Plaintiff,<br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>    Defendants. | Civil Action No. 2:07-CV-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation<br><br>    Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

### CHI MEI OPTOELECTRONICS CORPORATION'S REPLY TO LG.PHILIPS LCD COMPANY'S AND LG.PHILIPS LCD AMERICA INC.'S RELATED COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Chi Mei Optoelectronics Corp. ("CMO") hereby replies to the allegations of Defendants and Counterclaim Plaintiffs LG.Philips LCD Co., LTD., ("LPL") and LG.Philips LCD America, Inc., ("LPLA") (collectively "Defendants") set forth in Paragraphs 37-65 of their Related Counterclaims ("Defendants' Related Counterclaims").

1782883

## RESPONSE TO DEFENDANTS' RELATED COUNTERCLAIMS

1. Answering Paragraph 37 of Defendants' Related Counterclaims, CMO admits that Defendants assert counterclaims against CMO but deny that Defendants are entitled to any of the relief they seek. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

2. Answering Paragraph 38 of Defendants' Related Counterclaims, CMO admits that LPL is a company registered under the laws of Korea with its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

3. Answering Paragraph 39 of Defendants' Related Counterclaims, CMO admits that LPLA is a corporation organized and existing under the laws of California, having its principal place of business at 150 East Brokaw Road, San Jose, California 95112-4203.

4. Answering Paragraph 40 of Defendants' Related Counterclaims, CMO admits that it is a Taiwanese corporation having its principal place of business in Tainan, Taiwan 74147, R.O.C. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

5. Answering Paragraph 41 of Defendants' Related Counterclaims, CMO admits the allegations in this paragraph.

6. Answering Paragraph 42 of Defendants' Related Counterclaims, CMO admits that Defendants purport to base their Counterclaims on the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States. CMO further admits that there is a justiciable controversy between Defendants and CMO regarding the validity and infringement of the claims of United States Patent Nos. 6,134,092 ("the '092 Patent") and United States Patent No. 7,280,179 ("the '179 Patent") (collectively "the CMO Patents"). Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

7. Answering Paragraph 43 of Defendants' Related Counterclaims, CMO admits that Defendants allege that the Court has jurisdiction over the Related Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States

concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331. Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required.

8. Answering Paragraph 44 of Defendants' Related Counterclaims, CMO admits the allegations of this paragraph, except that, insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT VIII
### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF
### THE '092 PATENT AND THE '179 PATENT AGAINST CMO

9. Answering Paragraph 45 of Defendants' Related Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 37-44 of the Defendants' Counterclaims.

10. Answering Paragraph 46 of Defendants' Related Counterclaims, CMO admits the allegations of this paragraph.

11. Answering Paragraph 47 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

12. Answering Paragraph 48 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

13. Answering Paragraph 49 of Defendants' Related Counterclaims, CMO admits that it has asserted the CMO Patents against the Defendants. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT IX
### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### THE '092 PATENT AND THE '179 PATENT AGAINST CMO

14. Answering Paragraph 50 of Defendants' Related Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 37-49 of the Defendants' Counterclaims.

15. Answering Paragraph 51 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

16. Answering Paragraph 52 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

17. Answering Paragraph 53 of Defendants' Related Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

### RESPONSE TO COUNTERCLAIM COUNT X
### CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '179 PATENT AGAINST CMO

18. Answering Paragraph 54 of Defendants' Related Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 37-53 of the Defendants' Counterclaims.

19. Answering Paragraph 55 of Defendants' Related Counterclaims, CMO admits that the '179 Patent speaks for itself. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

20. Answering Paragraph 56 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

21. Answering Paragraph 57 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

22. Answering Paragraph 58 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

23. Answering Paragraph 59 of Defendants' Related Counterclaims, CMO admits that the '179 Patent claims priority at least to earlier-filed Taiwanese Patent Application No. 92130636, filed November 3, 2003, as listed on the face of the '179 Patent. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

24. Answering Paragraph 60 of Defendants' Related Counterclaims, CMO admits the allegations of this paragraph.

25. Answering Paragraph 61 of Defendants' Related Counterclaims, CMO admits the allegations of this paragraph.

26. Answering Paragraph 62 of Defendants' Related Counterclaims, CMO admits that LPL filed its First Amended Answer to AU Optronics's Amended Counterclaims and Additional Counterclaims on August 8, 2007, in the United States District Court for the District of Delaware

in Civil Action No. 06-726-GMS.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

27. Answering Paragraph 63 of Defendants' Related Counterclaims, CMO admits that LPL filed its Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff and Additional Party Chi Mei Optoelectronics USA, Inc., in the instant case.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

28. Answering Paragraph 64 of Defendants' Related Counterclaims, CMO admits that it asserts that the '179 Patent is enforceable and that Defendants assert that this patent is unenforceable.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

29. Answering Paragraph 65 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

CMO asserts the following affirmative defenses.  CMO also reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

### First Affirmative Defense

30. Defendants have failed to state a claim for which relief can be granted.

### Second Affirmative Defense

31. Defendants cannot prevail on their Counterclaims because the CMO Patents are valid and enforceable, and are infringed by Defendants.

### PRAYER FOR RELIEF ON DEFENDANTS' COUNTERCLAIMS

WHEREFORE, CMO demands judgment against Defendants by:

a. An order and decree that the CMO Patents are infringed by Defendants;

b. An order and decree that the CMO Patents are not invalid;

c. An order and decree that the CMO Patents are enforceable;

d. Granting the relief requested in CMO's Complaint and Counterclaims against Defendants;

e. Dismissing Defendants' Counterclaims with prejudice;

    f.     A determination that Defendants take nothing;

    g.     A determination that no costs or attorneys' fees be awarded to Defendants; and

    h.     Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

CMO hereby demands trial by jury on all issues.

Dated: November 26, 2007            Respectfully submitted,

By:   /s/Alexander C.D. Giza
       Alexander C.D. Giza

GILLAM & SMITH
Melissa Smith (Attorney-in-Charge)
303 S. Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Of counsel:
IRELL & MANELLA LLP
Jonathan S. Kagan
Alexander C.D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Attorneys for Plaintiff and Counterdefendants
Chi Mei Optoelectronics and
Chi Mei Optoelectronics USA

## **Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 26th day of November, 2007.

                                                          /s/ Alexander C.D. Giza