IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-176 |
| | § | |
| LG PHILIPS LCD CO., LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer This Case to Delaware (Dkt. No. 9) and related briefing. After carefully considering the parties' submissions, the Motion is GRANTED.

**I.  Factual Background and Procedural History**

On December 1, 2006, LG Philips LCD Co., Ltd. ("LPL") filed an action in the District of Delaware alleging infringement of patents directed at various aspects of liquid crystal display ("LCD") technology, which was assigned Case No. 1:06-cv-00726 ("the Delaware action"). The first-named defendant in the Delaware action is the plaintiff here, Chi Mei Optoelectronics Corporation ("CMO"). Other defendants in the Delaware action include AUO Optronics Corporation ("AUO") and AUO's subsidiary, AU Optronics America, Inc. ("AUO America").

On March 8, 2007, AUO filed an infringement action regarding patents directed at LCD technology in the Western District of Wisconsin against the two defendants here, LPL and LPL's subsidiary, LG Philips LCD America, Inc. ("LPLA") ("the Wisconsin action"). LPL amended its Delaware complaint against AUO to add declaratory judgment counts of invalidity and non-infringement relating to the patents asserted by AUO. LPL then filed a motion to transfer with

the Wisconsin court. In granting the motion, Judge Shabaz concluded "[t]he interest of justice overwhelmingly favors transfer to Delaware for consolidation with the first filed case presently pending in that Court." *AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340, at *13 (W.D.Wis. 2007).

After both LPL and AUO filed their complaints, CMO filed this action on May 4, 2007, against LPL and LPLA ("the Texas action"). CMO accuses LPL and LPLA of infringing patents related to LCD technology. As it had done after AUO filed the Wisconsin complaint, LPL amended its Delaware complaint against CMO to add declaratory judgment counts of invalidity and non-infringement for the patents asserted by CMO in this action.

## II.     Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness"). When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

When faced with a motion to transfer venue, the court must first determine whether the

proposed transferee forum would have been a court of proper venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). CMO argues that Delaware does not have personal jurisdiction over LPLA. In the Wisconsin case, Judge Shabaz was "convinced that the stream of commerce theory of personal jurisdiction as applied to patent actions by the Federal Circuit in *Beverly Hills Fan Co. Royal Sovereign Corp.*, 21 F.3d 1558 (1994) operates to afford nationwide personal jurisdiction over LPLA under the particular circumstances of this action." *AU Optronics Corp. v. LG.Philips LCD Co.*, 2007 U.S. Dist. LEXIS 39340, at *10 (W.D.Wis. 2007). This court agrees.

Having established that the District of Delaware is a venue in which the case might have been brought, the court now turns to the merits of the motion to transfer. The plaintiff's choice of forum is entitled to deference. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In light of that deference, the court must consider the various private and public interest factors to determine whether a transfer is warranted. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Here, the court is satisfied that the defendants have carried their burden to show that the court should transfer venue.

Although the private interest factors in this case are neutral, the public interest factors overwhelmingly favor a transfer. The accused technology in this case is similar to the accused technology in the Delaware action: all patents involved relate to LCD display technology. Moreover, Judge Shabaz has already addressed a nearly-identical issue with respect to CMO's co-defendant in the Delaware case, AUO. This court declines to allow CMO, by filing this case, to circumvent the intention of Judge Shabaz's order relating to AUO's case. The interest of justice factor weighs in favor of having the parties resolve their related disputes in one forum, the District of Delaware.

## III. Conclusion

In light of the above discussion, the court grants Defendants' Motion to Transfer This Case

3

to Delaware (Dkt. No. 9) to transfer, and orders the clerk to transfer this case to the District of Delaware.  If the Delaware court concludes this case is improperly joined or it would serve the interest of judicial efficiency to continue this action in this District, the Delaware court is free to transfer the case back to the Eastern District of Texas.

It is so ORDERED.

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE